IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| KEN GOLDSMITH, | : | Bankruptcy No. <u>12-21157-JAD</u> |
| Debtor. | : | Chapter <u>13</u> |
| ──────────────────────X | : | |
| KEN GOLDSMITH, | : | Related to Doc. No. <u>160</u> |
| Movant, | : | |
| v. | : | |
| J.J. LAND CO. and RIVER HOUSE ANTIQUES, | : | |
| Respondents. | : | |
| ──────────────────────X | | |

## MEMORANDUM OPINION

The motion before the Court is a motion captioned "Movant Pro Se's Motion for Hearing and Order Pending Hearing Subsequent to Appeal, Pursuant to Order of the District Court for the Western District of Pennsylvania" (the "Motion"). The gravamen of the Motion concerns Mr. Goldsmith's alleged rights to personal property located at a warehouse or other facility situated at 5738 Baum Blvd., Fl. 3, Pittsburgh, PA 15206. That facility is apparently owned and/or controlled by the Respondents, who the Court understands are either owned and/or controlled by the alleged Debtor's mother, Ms. Lillian Goldsmith.

The matters raised in the Motion were originally presented to the Honorable Mark Hornak of the United States District Court for the Western District of Pennsylvania.

00007805.WPD

Judge Hornak at that time, and is presently, presiding over an appeal taken by Mr. Goldsmith with respect to various orders entered by this Court. Those orders, in essence, lifted the automatic stay to permit Mr. Goldsmith's prior landlord to exercise its state law rights as to an apartment previously occupied by Mr. Goldsmith. Subsequently, on April 24, 2012, this Court dismissed Mr. Goldsmith's Chapter 13 bankruptcy pursuant to 11 U.S.C. §§ 109 and 1307 due to his ineligibility for Chapter 13 relief. A review of the docket reveals that Mr. Goldsmith did not appeal the Dismissal Order.

When the Motion was presented in the United States District Court, which was acting as an appellate court with respect to certain orders entered by this Court, Judge Hornak appropriately determined that the matters raised by the Motion should be first brought before this Court as it was this Court that is the trial court with respect to the bankruptcy case filed by Mr. Goldsmith. Such a determination by the District Court is consistent with the standing order of reference issued by the United States District Court for the Western District of Pennsylvania, as well as applicable case law. See e.g. In re Shannopin Mining Co., 2002 WL 31002883 (July 15, 2002, W.D. Pa.)(citing, among other cases, In re Pruitt, 910 F.2d 1160 (3d Cir. 1990) and In re Cohen, 54 F.3d 1108 (3d Cir. 1995) for the proposition that the district court cannot sit as both the appellate court and trial court at the same time).

By the Motion, Mr. Goldsmith seeks injunctive relief in this Court to essentially compel the Respondents to preserve property allegedly owned by Mr. Goldsmith that are located on Respondent's real property. In response to the Motion, the Respondents have

advised the Court that they will comply with applicable non-bankruptcy law with respect to any disposition of property allegedly owned by Mr. Goldsmith, including providing Mr. Goldsmith with a reasonable opportunity to retrieve his property and take it to another location of his choosing. What was apparent by Respondent's position is that Mr. Goldsmith has lodged his alleged property in the Respondents' warehouse, and Mr. Goldsmith has not paid any rent or storage fees with respect to the same. The Respondents' have also alleged that Mr. Goldsmith has "littered" the warehouse space "with debris, including human waste" of Mr. Goldsmith.

At the hearing held on the Motion, the Court inquired whether in-fact the matters raised in the Motion fell within the jurisdiction of this Court. Of course, this Court has the jurisdiction to determine its own subject-matter jurisdiction. Indeed, it is duty bound to inquire about jurisdiction from the outset. See e.g. In re Empresa de Transportes Aero del Peru, S.A., 263 B.R. 367, 377 (S.D. Fla. 2001)(citing In re Wolverine Radio Co., 930 F.2d 1132, 1137 (6th Cir. 1991) and Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000)).

By the standing order of reference, this Court has subject-matter jurisdiction with respect to cases filed under title 11, civil proceedings arising under title 11, or arising in or related to cases under title 11. See 28 U.S.C. §§ 1334(a) and (b). By the standing order of reference, this Court also has jurisdiction with respect to all of the property "of the debtor" and "of property of the estate" with respect to cases "commenced or is pending" under title 11. See 28 U.S.C. § 1334(e)(1).

This Court holds that it lacks the requisite subject-matter jurisdiction with respect to the subject Motion for a number of reasons.

First, jurisdiction under Section 1334(a) is not implicated by the Motion because there presently is no bankruptcy case that is pending as Mr. Goldsmith's Chapter 13 bankruptcy case was dismissed on April 24, 2012.

Second, the Motion does not appear to implicate Section 1334(b) as the Motion is not a civil proceeding arising under title 11 or relate to a case under title 11. In fact, as Mr. Goldsmith's case was dismissed, the Court is not aware of any of the substantive provisions of the Bankruptcy Code that would inure to his favor. Of course, the Court is mindful that Mr. Goldsmith has suggested that the automatic stay of 11 U.S.C. § 362 somehow protects his alleged property interests. But, that statute on its face states that the bankruptcy stay expires when the underlying bankruptcy case is dismissed. See 11 U.S.C. § 362(c)(2)(B). The Court is also mindful that Mr. Goldsmith has suggested that perhaps a turnover or preservation order is in order pursuant to 11 U.S.C. §§ 541 and 542. But, these statutes protect the bankruptcy estate and, since Mr. Goldsmith's case was dismissed, there is no bankruptcy estate. In addition, while 11 U.S.C. § 543 addresses turnover of property in the hands of a custodian, the fact of the matter is that the Respondents' are permitted to dispose of the property consistent with state law as there is no automatic stay in place to protect the Debtor's alleged interest in the property. In addition, by operation of 11 U.S.C. § 349, the dismissal of a bankruptcy case reinstates the applicable non-bankruptcy law rights of a custodian with respect to property in its possession, custody or controll as well. Therefore, it appears that Mr.

Goldsmith currently has no ability to invoke 11 U.S.C. § 543 at this stage of these proceedings.

Third, the Motion does not implicate Section 1334(e)(1) because (as stated above) there is no property of the estate since Mr. Goldsmith's bankruptcy case was dismissed. Also, as such, there is no "case" that is "pending." The Court does recognize that the statute at Section 1334(e)(1) appears to protect property of the "debtor." But, as set forth in the Court's prior Rule to Show Cause dated April 13, 2012 and its dismissal order dated April 24, 2012, Mr. Goldsmith was ineligible to be a "debtor" under Chapter 13. As such, the statute does not inure to his benefit either. To hold otherwise would mean that any person could seek bankruptcy relief even when not eligible, and somehow open the flood gates to state law litigation when no independent basis for federal jurisdiction would exist. Such a result is clearly not intended by the jurisdictional statutes.

Lastly, even if this Court had the requisite subject-matter jurisdiction over the Motion pursuant to its inherent equitable powers under 11 U.S.C. § 105 and Fed.R.Bankr.P. 7065, the Court would not be inclined to grant the request by Mr. Goldsmith. The Court reaches this conclusion because the Court's equitable powers are not necessarily as expansive as Mr. Goldsmith would like them to be. In fact, absent an underlying statutory or other independent legal basis for relief, it appears that an injunction would not be appropriate. See e.g. Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999).

In addition, any party seeking preliminary injunctive relief under Fed.R.Bankr.P. 7065 must demonstrate, among other things, a reasonable likelihood of prevailing on the merits. Inasmuch as no relief is possible under title 11 at this juncture, and in light of the fact that Mr. Goldsmith has not articulated a basis for relief under applicable non-bankruptcy law, Mr. Goldsmith does not appear to be entitled to injunctive relief at this time.

Furthermore, when considering a request for preliminary injunctive relief under Fed.R.Bankr.P, 7065, the Court also balances any resultant harm that may be suffered by the moving party if an injunction was not to be issued against both the public interest and any corresponding harm that may befall the Respondents if an injunction is to be issued. See e.g. In re Templeton, 150 B.R. 214, 222 (Bankr. N.D. Ill. 1993)(setting forth the standards for issuing a preliminary injunction). This Court concludes that the public interest, as well of the balance of harms, militates in favor of denying Mr. Goldsmith's request for injunctive relief. The fact of the matter is that Mr. Goldsmith has not demonstrated that he will suffer any real harm if an injunction is not issued. The Respondents, who are ostensibly under the control of Mr. Goldsmith's mother, have agreed that they will comply with applicable non-bankruptcy law in disposing property in their possession custody and control. In this regard, they have even agreed to provide Mr. Goldsmith with a reasonable opportunity to retrieve his personal belongings.

What is clear is that the public interest is better served by not issuing an injunction at this time. What is clear is that Mr. Goldsmith has continued his pattern of "squatting" at or on another's property without paying rent or storage fees and without

safeguarding the property of others. In the process of doing so, Mr. Goldsmith has allegedly been creating a health hazard by littering the space with debris, including human waste. Certainly, had an injunction been ordered, the public interest is not served by such a result and the Respondents' property interests would be harmed by maintaining the status quo.

Based on the foregoing reasons, the Motion shall be denied. An appropriate Order shall be issued.

Dated: August 2, 2012

_____
Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc:    All Counsel of Record
       Mr. Kenneth Goldsmith
       Honorable Mark Hornak

FILED

AUG 02 2012

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA